Robert Kelso, Plaintiff in Error, v. August Grundies and Hiram A. Draper, Defendants in Error, Impleaded with Albert Grundies.

### Gen. No. 17,326.

1. APPEALS AND ERRORS—*when judgment on appeal bond may be vacated.* It is sufficient ground for setting aside a judgment on an

appeal bond that the judgment is for damages in nearly double the amount of the bond and by its terms it is to be satisfied only upon the payment of such damages.

2. Appeals and errors—*when failure to set aside a verdict on appeal bond is waived.* Failure to set aside a verdict on setting aside a judgment on an appeal bond is waived by the action of the plaintiff in consenting to the rendition of a judgment in his favor for costs.

3. Dismissal and nonsuit—*when failure to comply with rule to reply is ground for dismissal.* Where a plea *puis darrien continuance* to an action upon an appeal bond, upon an appeal from a circuit court, sets up that pending the suit the amount of damages attempted to be recovered had been paid by the payment of a judgment on a bond given at the time appeal was taken from a justice of the peace, on a refusal of the plaintiff to comply with a rule to reply, the case may be dismissed.

Error to the Circuit Court of Cook county; the Hon. E. M. Mangan, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed November 12, 1912.

John W. Burdette, for plaintiff in error; Samuel J. Lumbard, of counsel.

William R. Hauze, for defendants in error.

Mr. Presiding Justice Clark delivered the opinion of the court.

This case comes before us on a writ of error sued out by Robert Kelso upon a judgment entered in the Circuit Court of Cook county on December 17, 1910, the judgment order being in the following language:

"This day again come the parties to this suit by their attorneys respectively.

"Thereupon, on motion of defendants' attorney, it appearing to the court that the plaintiff has failed to comply with a rule of this court heretofore, on December 3, 1910, entered herein, it is ordered that this cause be and the same is hereby dismissed for failure to comply with said rule.

"Thereupon on the agreement of said parties now here made in open court, it is ordered that the costs herein be taxed against the defendant in said cause.

"Thereupon the plaintiff by his attorney enters herein his motion to set aside and vacate the order heretofore entered herein, vacating the judgment heretofore, on October 25, 1910, entered herein and also to vacate all orders entered in said cause after December 3d, A. D. 1910, and the amendment filed by the defendant Hiram Draper be stricken out and that the judgment heretofore, on October 25, 1910, entered herein stand of full force and effect which motion is hereby overruled and denied.

"Therefore it is considered by the court that the plaintiff do have and recover of and from the defendant his costs and charges in this behalf expended, and have execution therefor."

The suit was begun in October, 1891, against Albert Grundies (now deceased), August Grundies and Hiram A. Draper, upon a penal bond in the sum of $750, given by Albert and August Grundies as principals, and Hiram A. Draper as surety, upon an appeal from the Circuit Court of Cook County to this court from a judgment entered in a forcible entry and detainer suit against the principals in the bond, judgment having been rendered against them. At the same time suit was brought upon the bond given on the appeal of the case from the justice's court to the Circuit Court. Judgment was rendered in this suit and satisfied. The second case, being the one before us, was reached for trial on October 22, 1910, at which time it seems to have been pending upon demurrer to pleas. The demurrer was on that day sustained, and three days later the case, in the absence of counsel for defendant, was submitted to a jury, who found the debt to be $750 and plaintiff's damages $1,461. Judgment was entered upon the verdict. During the term, on a showing of the facts, the court set aside the judgment. Thereafter the defendants entered a motion to vacate the order sustaining the demurrer, which was granted, and leave given to Draper to file his plea

*puis darrein continuance,* to which plaintiff excepted, and a rule was entered requiring plaintiff to reply in five days, to which plaintiff also excepted. Thereafter plaintiff presented a motion that the order vacating the judgment and the order granting defendants leave to amend the plea *puis,* and all orders entered after the third day of December, 1910, be stricken, and that the judgment entered October 25th stand as the judgment of the court. This motion was denied and plaintiff excepted. Thereupon the order heretofore referred to was entered dismissing the cause for plaintiff's failure to comply with the rule to reply to the plea. It is to be noted that by the consent of the parties, costs were taxed against the defendant, the plaintiff to have execution therefor.

In our opinion the court was amply justified in setting aside the judgment rendered upon the second appeal bond. The judgment was for damages in nearly double the amount of the bond, and by its terms was to be satisfied only upon the payment of such damages. This was sufficient ground for setting it aside.

It is claimed by the plaintiff that the court at the same time should have entered an order setting aside the verdict of the jury. The point, in our opinion, was waived by the action of the plaintiff in consenting to the rendition of a judgment in his favor for costs.

The plea set up the fact that pending this suit the amount of damages attempted to be recovered had been paid, by reason of the payment of the judgment on the bond given at the time appeal was taken from the justice of the peace. This judgment was made up of four items, consisting of rent of premises for fifteen months $750, costs in the justice court $6.50, costs in the Circuit Court $12.25, and costs in the Appellate Court $2.95. Why the costs in the Appellate Court were included is not made clear.

The plaintiff refused to reply to this plea as amended. Under these circumstances we think the trial

judge was justified in entering the order of dismissal, especially as the case had then been pending nearly nineteen years.

The judgment is affirmed.

*Affirmed.*